1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MOODY WOODROW TANKSLEY,          CASE NO. 1:08-cv-00442-OWW-DLB (PC)

                Plaintiff,          ORDER DISMISSING COMPLAINT WITH
                               LEAVE TO FILE AMENDED COMPLAINT
    v.          WITHIN THIRTY DAYS

AVENAL STATE PRISON,  et al.,          (Doc. 1)

              Defendants.

_____/

## I.    Screening Order

       Plaintiff Moody Woodrow Tanksley ("Plaintiff") is a state prisoner proceeding pro se and

in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his

complaint on March 26, 2008.  (Doc. 1.)  Plaintiff's complaint is presently before the Court for

screening.

### A.    Screening Requirement

       The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1

1  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

3  1915(e)(2)(B)(ii).

4  **B.    Pleading Requirements**

5    1.    *Federal Rule of Civil Procedure 8(a)*

6    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

7  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

8  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

9  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

10  Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

11  plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court

12  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

13  that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a

14  plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

15  the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

16  unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

17  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

18  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

19  .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

20  pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

21  U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

22  essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

23  122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

24  1982)).

25    2.    *Federal Rule of Civil Procedure 18(a)*

26    "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to

27  relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

28  independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

2

against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

### C.   Summary of Plaintiff's Complaint

Plaintiff is currently a state prisoner at Salinas Valley State Prison in Soledad, California. Plaintiff was formerly imprisoned at Avenal State Prison ("ASP") in Avenal, California, where the acts he complains of occurred. Plaintiff names as defendants: Avenal State Prison; Three Yard Correctional officers R. Zavala, K. Mayers, DePaul, and D. Aviles; all Three Yard sergeants, lieutenants, captains, medical doctors, nurses. Plaintiff's complaint is written in a stream of conscience manner.

Plaintiff alleges the following. On March 20, 2008, in Three Yard prison gym, Plaintiff suffered serious chest and leg pain, and fell down. Defendant Zavala went to get medical help. A prison sergeant escorted Plaintiff to the prison hospital, and made death threats to Plaintiff as he was being escorted back. Plaintiff was locked in a cage. Plaintiff was painfully handcuffed by another correctional officer on March 22, 2008.

Plaintiff claims that prison officials have been refusing to give him medical treatment and have caused other inmates to harass him by pulling prison knives on him. Plaintiff claims that ASP medical staff and correctional officers have harassed Plaintiff continually. Plaintiff seeks monetary damages.

### D.   Plaintiff's Claims

#### 1.   *Avenal State Prison as Defendant*

Plaintiff names Avenal State Prison as a defendant. Plaintiff may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits

1   brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d

2   1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116

3   S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S.

4   139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The

5   Eleventh Amendment bars suits against state agencies as well as those where the state itself is

6   named as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp., 96

7   F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th

8   Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to

9   Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d

10  198, 201 (9th Cir. 1989).  Because Avenal State Prison is a part of the California Department of

11  Corrections, which is a state agency, it is entitled to Eleventh Amendment immunity from suit.

12              **2.    *Linkage Requirement***

13          The Civil Rights Act under which this action was filed provides:

14              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
15              deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
16              law, suit in equity, or other proper proceeding for redress.

17  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

18  the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See

19  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

20  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

21  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

22  in another's affirmative acts or omits to perform an act which he is legally required to do that

23  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

24  Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named

25  defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

26  federal rights.

27          Plaintiff makes generalized claims against ASP prison staff, but fails to link a defendant

28

                                                4

1  to some affirmative act or omission demonstrating a violation of Plaintiff's federal rights.  "T[]he

2  liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

3  490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

4  supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

5  Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

6  (9th Cir. 1982)).  Based on Plaintiff's allegations, the Court will provide Plaintiff with the

7  following legal standards to assist Plaintiff in deciding whether he has stated a cognizable claim

8  under section 1983.

9          **3.**     *Eighth Amendment - Medical*

10       Plaintiff alleges a refusal of medical treatment, implicating the Eighth Amendment.

11  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must

12  show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096

13  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

14  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

15  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

16  or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

17  was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d

18  1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d

19  1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is

20  shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need,

21  and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate

22  indifference may be manifested "when prison officials deny, delay or intentionally interfere with

23  medical treatment, or it may be shown by the way in which prison physicians provide medical

24  care."  Id. (citing McGuckin at 1060 (internal quotations omitted)).

25       In applying this standard, the Ninth Circuit has held that before it can be said that a

26  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

27  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

28

1  cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing

2  <u>Estelle</u>, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or

3  treating a medical condition does not state a valid claim of medical mistreatment under the

4  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

5  because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106.

6              **4.    *Eighth Amendment - Excessive Force***

7        Plaintiff alleges excessive force used in restraining Plaintiff.  "What is necessary to show

8  sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth

9  Amendment] depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992).

10 "The objective component of an Eighth Amendment claim is . . . contextual and responsive to

11 contemporary standards of decency." <u>Id</u>. (internal quotation marks and citations omitted).  The

12 malicious and sadistic use of force to cause harm always violates contemporary standards of

13 decency, regardless of whether or not significant injury is evident. <u>Id</u>. at 9; <u>see also</u> <u>Oliver v.</u>

14 <u>Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines

15 <u>de minimis</u> uses of force, not <u>de minimis</u> injuries)).  However, not "every malevolent touch by a

16 prison guard gives rise to a federal cause of action." <u>Id</u>. at 9.  "The Eighth Amendment's

17 prohibition of cruel and unusual punishments necessarily excludes from constitutional

18 recognition <u>de minimis</u> uses of physical force, provided that the use of force is not of a sort

19 'repugnant to the conscience of mankind." <u>Id</u>. at 9-10 (internal quotations marks and citations

20 omitted).

21        "[W]henever prison officials stand accused of using excessive physical force in violation

22 of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

23 applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

24 cause harm." <u>Id</u>. at 7.  "In determining whether the use of force was wanton and unnecessary, it

25 may also be proper to evaluate the need for application of force, the relationship between that

26 need and the amount of force used, the threat reasonably perceived by the responsible officials,

27 and any efforts made to temper the severity of a forceful response." <u>Id</u>. (internal quotation

28 marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth

                                            6

1   Amendment inquiry, but does not end it."  Id.

2   **5.** *Eighth Amendment - Conditions of Confinement - Safety*

3   Plaintiff alleges some inmates pulled out prison knives to harass Plaintiff, implicating

4   safety concerns.  Prison officials have a duty to take reasonable steps to protect inmates from

5   physical abuse.  Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833

6   (1994).  To establish a violation of this duty, the inmate must establish that prison officials were

7   deliberately indifferent to a substantial risk of serious harm to the inmate's safety.  Farmer, 511

8   U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong.

9   First, the alleged deprivation must be, in objective terms, "sufficiently serious . . ."  Id. at 834

10  (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of

11  and disregard[] an excessive risk to inmate health or safety."  Id. at 837.

12  **6.** *Harassment and Retaliation*

13  Plaintiff alleges that a prison sergeant threatened him and that other prison staff have

14  harassed him for purposes of revenge.  Verbal harassment or abuse alone is not sufficient to state

15  a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139

16  (9th Cir. 1987), and threats do not rise to the level of a constitutional violation.  Gaut v. Sunn,

17  810 F.2d 923, 925 (9th Cir. 1987).

18  Allegations of retaliation against a prisoner's First Amendment rights to speech or to

19  petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532

20  (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

21  Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First

22  Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

23  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

24  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

25  not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-

26  68 (9th Cir. 2005).

27  //

28  //

## II.   **Conclusion**

Plaintiff has failed to state a cognizable claim under section 1983 against any defendants. For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days.

If Plaintiff opts to amend his complaint, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff must file a amended complaint curing the deficiencies identified by the Court in this order,

1    and

2    4.    **If Plaintiff fails to comply with this order, this action will be dismissed for**

3    **failure to obey a court order and for failure to state a claim.**

4

5    IT IS SO ORDERED.

6    **Dated:** ___**January 12, 2009**___        _____/s/ **Dennis L. Beck**_____
                                                UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28