# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY, | CASE NO. 1:08-cv-00442-OWW-DLB (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| AVENAL STATE PRISON, et al., | (Doc. 13) |
| Defendants. | |

**I.  Screening Order**

Plaintiff Moody Woodrow Tanksley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on March 26, 2008. (Doc. 1.) The Court dismissed his original complaint with leave to amend on January 12, 2009. (Doc. 12.) On February 3, 2009, Plaintiff filed his first amended complaint. (Doc. 13.) Plaintiff's first amended complaint is presently before the Court for screening.

**A.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

1 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
3 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
4 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
5 1915(e)(2)(B)(ii).

6     "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
7 exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534
8 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a
9 short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.
10 Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's
11 claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may
12 dismiss a complaint only if it is clear that no relief could be granted under any set of facts that
13 could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff
14 will ultimately prevail but whether the claimant is entitled to offer evidence to support the
15 claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and
16 unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
17 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
18 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
19 .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal
20 pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490
21 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply
22 essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,
23 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
24 1982)).

25   **B.   Summary of Plaintiff's Complaint**

26     Plaintiff is currently a state prisoner at Salinas Valley State Prison in Soledad, California.
27 Plaintiff was formerly imprisoned at Avenal State Prison ("ASP") in Avenal, California, where
28 the acts he complains of occurred.  Plaintiff names as defendants: Avenal State Prison;

Correctional officers R. Zavala, K. Mayers, DePaul, K. Estrada, Rapp, Lumia, Gomez, Lieutenant D. Aviles and Sergeant Rhea. Plaintiff also names the officers and medical staff at ASP. Plaintiff's complaint is written in a stream of consciousness manner, and does not stay within the margins, making his complaint difficult to decipher.

Plaintiff appears to allege the following. On March 20, 2008, in Three Yard prison gym, prisoners in Three Yard Gym shower pulled knives on Plaintiff. D. Aviles and the other defendants denied Plaintiff medical treatment and failed to protect Plaintiff because he had filed civil lawsuits. Plaintiff seeks monetary damages.

Though Plaintiff limits his complaint to the three pages of the civil rights complaint form, Plaintiff appears to need more than three pages in order to fully describe his claims. In order to assist the Court in determining whether Plaintiff has stated a cognizable claim, Plaintiff should attach with his complaint form additional sheets of paper, listing each defendant and what alleged act or omission by each defendant demonstrates a violation of Plaintiff's federal rights. Allegations that involve only conclusions, such as "Defendant X violated my constitutional rights," are not sufficient. Facts need to be alleged. Plaintiff is not limited solely to the civil rights complaint form, so long as Plaintiff gives "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

**C.    Plaintiff's Claims**

    **1.    *Linkage Requirement***

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff makes generalized claims against certain ASP prison staff, but fails to link defendants to some affirmative act or omission demonstrating a violation of Plaintiff's federal rights.  "T[]he liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).The Court had previously provided Plaintiff with the legal requirements for certain claims, and will repeat these below.

### 2.   *Eighth Amendment - Medical*

Plaintiff alleges a denial of medical treatment, implicating the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate

4

indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Furthermore, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff's allegations that he was denied medical treatment, without more, are not sufficient to state a cognizable claim.

### 3.   *Eighth Amendment - Excessive Force*

Plaintiff alleges possible excessive force used in restraining Plaintiff. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from

5

1 constitutional recognition de minimis uses of physical force, provided that the use of force is not
2 of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and
3 citations omitted).

4     "[W]henever prison officials stand accused of using excessive physical force in violation
5 of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was
6 applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
7 cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it
8 may also be proper to evaluate the need for application of force, the relationship between that
9 need and the amount of force used, the threat reasonably perceived by the responsible officials,
10 and any efforts made to temper the severity of a forceful response." Id. (internal quotation
11 marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth
12 Amendment inquiry, but does not end it." Id.

13     **4.**     *Eighth Amendment - Conditions of Confinement - Safety*

14     Plaintiff alleges some inmates pulled out prison knives to harass Plaintiff, implicating
15 safety concerns. Prison officials have a duty to take reasonable steps to protect inmates from
16 physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833
17 (1994). To establish a violation of this duty, the inmate must establish that prison officials were
18 deliberately indifferent to a substantial risk of serious harm to the inmate's safety. Farmer, 511
19 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong.
20 First, the alleged deprivation must be, in objective terms, "sufficiently serious . . ." Id. at 834
21 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of
22 and disregard[] an excessive risk to inmate health or safety." Id. at 837.

23     **5.**     *Retaliation*

24     Allegations of retaliation against a prisoner's First Amendment rights to speech or to
25 petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532
26 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.
27 Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First
28 Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

6

adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### 6. *Avenal State Prison as Defendant*

Plaintiff names Avenal State Prison as a defendant. Plaintiff had been previously informed by the Court that Plaintiff may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because Avenal State Prison is a part of the California Department of Corrections, which is a state agency, it is entitled to Eleventh Amendment immunity from suit.

## II. Conclusion

Plaintiff has failed to state a cognizable claim under section 1983 against any defendants. For the reasons set forth above, Plaintiff's amended complaint is dismissed, with leave to file a second amended complaint within thirty days.

If Plaintiff opts to amend his complaint, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

1  deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
2  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
4  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal
5  rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the
6  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
7  ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

8      Plaintiff is further advised that an amended complaint supercedes the original complaint,
9  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
10 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
11 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an
12 original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d
13 at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord
14 Forsyth, 114 F.3d at 1474.

15     The Court provides Plaintiff with one final opportunity to amend to cure the deficiencies
16 identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
17 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his third
18 amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
19 complaints).

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order, and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:   February 17, 2009**              /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE